J-S54027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAWN BANCROFT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KATHY J. KATITS, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, AND CENTRAL BUCKS FAMILY YMCA | |
| | No. 377 EDA 2015 |

Appeal from the Order Entered December 30, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 08-13308-27-2

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 21, 2015**

Appellant, Dawn Bancroft, appeals from the order granting Appellee, Kathy J. Katits's motion for judgment on the pleadings.  As we conclude that none of Bancroft's arguments on appeal merit relief, we affirm.

A prior panel of this Court, in reviewing Bancroft's appeal from the order sustaining preliminary objections to her amended complaint, adopted the following factual and procedural history of this matter from the trial court:

> Plaintiff, Dawn Bancroft ("Bancroft") was a part-time employee of [Central Bucks YMCA], located in Doylestown, Pennsylvania. Bancroft worked at the YMCA part-time beginning in January

---

[*] Former Justice specially assigned to the Superior Court.

1999. In August 2007, the YMCA's Fitness Director, Matt Giordano ("Giordano") became Bancroft's supervisor, and the two shared an office. In March 2008, Bancroft separated from her husband, and in August 2008, Bancroft and Giordano began a romantic relationship. Bancroft and the YMCA had orally agreed that she would begin working full-time in a few months.

In mid-October 2008, Bancroft telephoned Katits, an employee of both the YMCA and Prudential. Bancroft's supervisor, Giordano, was in the office at the time of the phone call. Bancroft left a voicemail message for Katits regarding the microphone in Studio B. Bancroft mistakenly thought she had hung up the phone after leaving the voicemail, when she and Giordano resumed their personal conversation. Katits' answering machine continued to record the personal conversation between Bancroft and Giordano regarding their romantic relationship. Their romantic relationship was not known to other YMCA employees. On October 27, 2008, approximately two weeks after Bancroft's and Giordano's conversation was unintentionally recorded, Bancroft was summoned to the office of YMCA's Controller and Human Resources Director, Virginia Doyle ("Doyle"). Doyle told Bancroft that she had not properly hung up the phone after leaving the voicemail message for Katits, and that her personal conversation with Giordano had been recorded. She further informed Bancroft that Katits had played the conversation about Bancroft's relationship with Giordano for other YMCA employees. Finally, Doyle informed Bancroft that she and Giordano were terminated, effective immediately.

On December 30, 2008, Bancroft filed her original complaint against Katits and Prudential. Bancroft asserted three claims: 1) violation of Pennsylvania's Wiretap Act against Katits and Prudential, 2) invasions of privacy against Katits and Prudential, and 3) intentional interference with contract against Katits individually. On February 2, 2009, Bancroft filed an Amended Complaint, adding the YMCA as an additional defendant as to the Wiretap Act claim only. On March 24, 2009, Katits and the YMCA filed Preliminary Objections to Bancroft's Amended Complaint. On March 30, 2009, Prudential filed Preliminary Objections to Bancroft's Amended Complaint. Defendants' Preliminary Objections contend[ed] that Bancroft failed to state a cause of action for all her claims, and requested that Bancroft's Amended Complaint be dismissed. Bancroft filed Answers to the

Preliminary Objections of all parties. On August 6, 2009, after Oral argument, [the trial court sustained all preliminary objections.]

*Bancroft v. Katits*, 2647 EDA 2009, at 1-3 (filed July 8, 2010) (unpublished memorandum) (citation and some formatting marks omitted).

This Court affirmed the trial court's order in all respects save one. The order sustaining the preliminary objection of Katits to Bancroft's claim for intentional interference with contractual relations was vacated and remanded. This Court determined that Bancroft had pled that Katits's action had interfered with her prospective full-time employment with the YMCA, and therefore had successfully pled a cause of action under existing Superior Court precedent. *See id*., at 5.

On remand, Katits filed an answer with new matter, which asserted in relevant part:

8. Katits's actions and information conveyed to the YMCA were in all respects lawful and truthful. Accordingly, Katits was privileged in conveying such truthful information and cannot be held liable for intentional interference with a prospective contractual relationship.

Answer with New Matter, filed 9/27/10, at 6. In her response to Katits's new matter, Bancroft denied that Katits "had any privilege" in bringing this information to the YMCA, but did not deny Katits's assertion that the information was lawful and truthful. Answer to New Matter, filed 10/19/10, at 2.

Katits subsequently filed a motion for judgment on the pleadings, arguing in relevant part that under *Walnut Street Associates, Inc. v. Brokerage Concepts, Inc.*, 20 A.3d 468 (Pa. 2011), "conveying truthful information to a third party is a valid and absolute defense to a claim for tortious interference with a prospective contractual relationship." Motion for Judgment on the Pleadings, filed 9/19/14, at 4. In her response, Bancroft stated:

> 19. Denied. Defendant materially misrepresents to this Court the holding of [*Walnut Street Associates*.] In *Walnut Street*, the court discussed whether there is justification or privilege by consideration of the factors under the Restatement (Second) of Torts [§] 766. The language cited by Defendant in conveying truthful information or honest advice to a third party applies only within the scope of a request for advice. It is undisputed Defendant YMCA did not request Katits to provide advice.

Answer Opposing Motion for Judgment on the Pleadings, filed 10/9/14, at 4. The trial court granted Katits's motion for judgment on the pleadings, and this timely appeal followed.

On appeal, Bancroft seeks to raise three separate arguments. First, she argues that the trial court erred in concluding that she had not denied that the information provided by Katits to the YMCA was true. Second, Bancroft contends that the trial court misapplied *Walnut Street Associates*, as she believes it only applies in the context of responding to a request for advice. Third, she argues that the trial court erred in applying *Walnut Street Associates* to this case "retroactively."

In general, issues may not be raised on appeal in the first instance. **See** Pa.R.A.P. Rule 302(a). Rule 302 has been consistently applied by the Supreme Court of Pennsylvania to require that issues be raised in front of the trial court *before an appeal has been filed*. **See**, **e.g.**, **Scalice v. Pennsylvania Employees Benefit Trust Fund**, 883 A.2d 449, n.10 (Pa. 2005). Here, a review of the record reveals that Bancroft's first and third arguments were raised for the first time in her 1925(b) statement to the trial court after filing her notice of appeal. As a result, these issues are waived.[1]

In her only preserved issue on appeal, Bancroft contends that the trial court misapplied **Walnut Street Associates**. Bancroft specifically argues that under that case, truth is a defense only in the context of information supplied in response to a request for advice. However, the Supreme Court explicitly held that "Section 722 provides that it is not improper interference

_____

[1] In any event, we conclude that neither argument would merit relief. Regarding her first issue, we note that Bancroft admits, in her appellate brief, that she "is not alleging that the voicemail Katits played has been altered in any way or is fabricated." Appellant's Brief, at 12. This, combined with the pleadings reviewed above sufficiently support the trial court's conclusion that there is no dispute as to the truthfulness of the information communicated by Katits to the YMCA. Turning to Bancroft's argument against retroactivity, the Supreme Court in **Walnut Street Associates** stated that "[O]ur holding does not amount to an adoption of an entirely new rule of law[,]" and therefore rejected the argument that its holding should not apply retroactively. **Walnut Street Associates**, 20 A.3d at 479. Furthermore, the previous panel of this Court did not address Katits's defense of truth, as the issue was not before it. Therefore, the "law of the case" did not prevent the trial court from granting judgment on the pleadings. **See In re Estate of Elkins**, 32 A.3d 768, 776 (Pa. Super. 2011).

if the defendant is merely giving the third person (a) truthful information, *or* (b) honest advice within the scope of a request for advice." ***Id.***, at 478 (emphasis supplied) (internal quotation marks omitted). The use of the disjunctive "or" defeats Bancroft's argument on appeal. We therefore find no merit in Bancroft's argument.

We conclude that none of Bancroft's arguments on appeal merit relief. We therefore affirm the order granting judgment on the pleadings to Katits.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/21/2015</u>